# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Edward E. Dewitt ) | C/A. No. 6:20-2283-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Roger Tilton, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 26) recommending the Court dismiss Plaintiff's complaint with prejudice and without service of process. For the reasons set forth below, the Court adopts the R & R in its entirety.

## I.    Background

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights.

On June 17, 2020, Plaintiff filed his complaint. (Dkt. No. 1). On July 21, 2020, the Magistrate Judge issued an order informing Plaintiff that his complaint was subject to dismissal as drafted and provided him with fourteen days to file an amended complaint and correct the deficiencies noted in the order (Dkt. No. 9). Plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the order, the Magistrate Judge would recommend that his claims be dismissed. (*Id.* at 7–8). On August 6, 2020, Plaintiff's amended complaint was entered on the docket. (Dkt. No. 17). In it, Plaintiff abandoned his initial conditions of confinement claims and named a new defendant who he asserted violated his constitutional rights when he was arrested on January 28, 2020. (*Id.*). After reviewing the

1

updated allegations, on October 8, 2020, the Magistrate Judge issued an order informing Plaintiff that his amended complaint was subject to dismissal as drafted and provided him with fourteen days to file a second amended complaint and correct the deficiencies noted in the order (Dkt. No. 21). Plaintiff was informed that if he failed to file a second amended complaint or cure the deficiencies outlined in the order, the Magistrate Judge would recommend that his claims be dismissed. (*Id.* at 10). On October 19, 2020, the order was returned to the Court as undeliverable mail and stamped, "return to sender refused unable to forward return to sender." (Dkt. No. 24). Plaintiff has not provided the Court with a new address at which he receives mail and has failed to file a second amended complaint within the time provided.

On October 28, 2020, the Magistrate Judge filed an R & R recommending Plaintiff's complaint be dismissed with prejudice. To date, Plaintiff has not filed objections to the R & R.

## II.     Legal Standard

### a.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where a plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R &

R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Because Plaintiff did not file objections to the R & R, the Court reviews the R & R for plain error.

### b. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . .  Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*  Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  A

complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### III.    Discussion

After review of the record and the R & R, the Court finds the Magistrate Judge accurately set forth the facts and legal principles in this case and adopts the R & R in its entirety.

Namely, the Magistrate Judge correctly determined that, to the extent Plaintiff asserts his rights were violated when Defendant arrested him, "the plaintiff is, in essence, requesting that this court interfere with or enjoin the pending state criminal prosecution against him" in violation of *Younger v. Harris*, 401 U.S. 37 (1971). (Dkt. No. 26 at 5). The Magistrate Judge also correctly determined that Plaintiff's Fourth Amendment claim for false arrest was not pled plausibly. (*Id.* at 7) (noting that a public official cannot be charged with false arrest when an arrest is based on probable cause and taking judicial notice of Plaintiff's state criminal proceedings, including grand jury indictments for the charges leading to the Plaintiff's arrest on January 28, 2020). Lastly, the Magistrate Judge correctly determined Plaintiff's excessive force claim was subject to dismissal because it as well was inadequately pled. (*Id.* at 8-10).

Further, the Magistrate Judge correctly determined that Plaintiff's complaint should be dismissed with prejudice. *See Workman v. Morrison Healthcare*, 724 F.App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing *Goodev. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)); *see also Bing v. Brivo Sys.*, LLC, 959 F.3d 605 (4th Cir. 2020).

### IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 26) as the order of the Court.  Plaintiff's amended complaint (Dkt. No. 17) is **DISMISSED WITH PREJUDICE AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

November 23, 2020
Charleston, South Carolina